IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM GRAHAM, | ) | |
| Petitioner, | ) | Case No. 7:04CV00659 |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| UNITED STATES, | ) | By: James P. Jones |
| Respondent. | ) | Chief United States District Judge |

Petitioner William Graham, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Graham alleges numerous errors resulting in his 2002 convictions and sentence on gun and drug charges. The respondent has filed a Motion to Dismiss, to which Graham has responded, making this matter ripe for the court's consideration. After a careful review of the petition and motion, the court finds that Graham's petition must be dismissed.

I.

On January 18, 2002, after a three-day trial, a jury in this court convicted Graham of conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846, possession with intent to distribute oxycodone, in violation of 18 U.S.C. § 841(a), committing a continuing series of felony violations, in violation of 21 U.S.C. § 848(f), use of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1), and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The court thereafter vacated the conviction for conspiracy. Graham moved for a new trial, which the court denied, United States v. Graham, No. 2:01CR10010, 2002 WL 598413 (W.D. Va. April 18, 2002), and sentenced Graham to 420 months

in prison. Graham appealed and his convictions were affirmed. United States v. Graham, No. 02-4495, 2003 WL 21640383 (4th Cir. July 14, 2003), cert. denied, 540 U.S. 993 (2003). Graham signed the instant petition on October 14, 2004.

## II.

Graham's petition conforms to 28 U.S.C. § 2242, which outlines the requirements for a petition for a writ of habeas corpus. In addition, Graham meets the requirements of 28 U.S.C. § 2255 because he was in custody pursuant to a judgment of the United States District Court for the Western District of Virginia at the time of the petition, and remains in custody to this day.

Graham alleges the following:

1. Prosecutorial misconduct during the grand jury proceedings by:
    A. providing perjured testimony that Graham was an ex-felon;
    B. misleading the grand jury concerning petitioner's commission of three predicate felonies;
    C. withholding exculpatory evidence regarding a change of theory regarding the case;
    D. violating the double jeopardy clause by indicting Graham on violations of 18 U.S.C. § 924(c), and 21 U.S.C. §§ 846 and 848.
2. An invalid indictment, which:
    A. failed to tie the firearm offense to a specific drug offense;
    B. failed to state the drug quantity.
3. Conviction for violation of 18 U.S.C. § 848 required special verdict.
4. Violations of double jeopardy clause by:

    A.      imposing a special assessment of $100 per offense on concurrent sentences;

    B.      using a violation of 18 U.S.C. § 924(c)(1) as both a predicate offense and a sentencing enhancement;

    C.      convicting Graham of violations of 21 U.S.C. §§ 846 and 848 and then dismissing one of the charges.

5.    Ineffective assistance of counsel for failing to adequately raise claims 1-4 at trial and on appeal.

### A.

Graham raised the majority of his present claims in a pro se brief on direct appeal. The court of appeals specifically denied those claims stating that: "[w]e also have reviewed the additional claims raised by Graham in his pro se supplemental brief and conclude that they are lacking in merit." United States v. Graham, 2003 WL 21640383, at *3. A petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered by" the appellate court on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

Graham's allegations in claim 1.B are the same as those raised on appeal in paragraph VI. Graham's allegations in claim 1.C are the same as those raised on appeal in paragraph IV. Graham's allegations in claim 1.D are the same as those raised on appeal in paragraph X. Graham's allegations in claim 2.B are the same as those raised on appeal in paragraph XI. Graham's allegations in claim 3 are the same as those raised on appeal in paragraphs V and VI. Graham's allegations in claim 4.A are the same as those raised on appeal in paragraph III. Graham's allegations in claim 4.B are the same as those raised on appeal in paragraph III.B. Therefore, these claims must be dismissed.

3

## B.

In claim 1.A, Graham alleges that the prosecution provided perjured testimony to the grand jury concerning Graham being an ex-felon. However, Graham's conclusory statement alone is insufficient to state a claim when a jury found Graham guilty of being a felon in possession of a firearm beyond a reasonable doubt.

In claim 2.A, Graham alleges that the indictment failed to specify to which drug offense the firearm charge related. Graham alleges that this failure prevented him from properly defending against this charge. However, neither Graham nor his attorney ever raised his issue at trial or requested clarification. Furthermore, Graham does not claim that he ever told his defense counsel that he did not understand any element of the crimes charged. Graham has not provided any evidence to suggest that the alleged infirmity of the indictment affected Graham's ability to defend himself against the charges against him.

In claim 4.B, Graham alleges that convicting him of violations of 21 U.S.C. §§ 846 and 848 violates the double jeopardy clause. However, the 21 U.S.C. § 846 conviction was dismissed by the court. Therefore, this claim is moot.

## C.

The Sixth Amendment to the United States Constitution protects a criminal defendant's right to effective assistance of counsel. In <u>Strickland v. Washington</u>, 466 U.S. 668, 669 (1984), the Court announced a two-prong test that the defendant must satisfy in order to demonstrate a denial of his right to effective assistance of counsel. The first prong requires the defendant to prove that counsel's representation of the defendant fell below an objective standard of reasonableness. <u>Id.</u> at 688.

4

However, there is a strong presumption that an attorney is acting reasonably. Id. at 688-689. The second prong requires the defendant to prove prejudice to his defense. This requires a showing that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694.

In claim 5, Graham alleges that defense counsel was ineffective for failing to properly raise Graham's other claims at trial and on appeal. However, because none of Graham's underlying claims have any merit, see supra Parts II.A-B, Graham is unable to show either deficient performance or any prejudice. Therefore, this claim must be dismissed.

### III.

Graham has not shown that his conviction was obtained in violation of the laws or constitution of the United States. The majority of Graham's claims were found to be without merit on direct appeal and must therefore be dismissed. Graham's remaining claims are similarly without merit and must also be dismissed. The facts are adequately presented in the material before the court. Therefore, an evidentiary hearing is not necessary. In light of these findings, I must grant the respondent's motion to dismiss. An appropriate order will be entered herewith.

DATED: April 24, 2005

 /s/ JAMES P. JONES
Chief United States District Judge

5